UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DUNKIN' DONUTS FRANCHISED
RESTAURANTS, LLC,
a Delaware Limited Liability Company,
DUNKIN' DONUTS FRANCHISING LLC,
a Delaware Limited Liability Company,
DD IP Holder LLC,
a Delaware Limited Liability Company,
BASKIN-ROBBINS FRANCHISING LLC
a Delaware Limited Liability Company,
BR IP Holder LLC,
a Delaware Limited Liability Company,
DB REAL ESTATES ASSETS I LLC,
a Delaware Limited Liability Company,

       Plaintiffs,  Case No. 08-CV-00217 (RWS)

  - against -       AMENDED ANSWER

INNER CITY DOUGH, INC.,
a New York Corporation,
SOUTH BRONX INNER CITY DOUGH,
INC.,
a New York Corporation,
TRIPLE J 3 DONUTS, INC.
a New York Corporation,
URBAN CITY DOUGH, INC.,
a New York Corporation,
NANCY DAVIS
a Resident of New Jersey,
DB DONUTS, INC.
a New York Corporation,
DB DONUT II, INC.,
a New York Corporation,
DB DONUTS IV, INC.,
a New York Corporation,
DB DONUTS VI, INC.,
a New York Corporation, and
DJENANE BARTHOLOMEW,
a Resident of New Jersey
       Defendants.
------------------------------------------------------------------------ x

SIR OR MADAM:

INNER CITY DOUGH, SOUTH BRONX INNER CITY DOUGH, TRIPLE J 3 DONUTS, URBAN CITY DOUGH AND NANCY DAVIS, (hereinafter "DAVIS DEFENDANTS") for its Answer and affirmative defenses, to the Complaint hereby admits, denies and alleges as follows:

## INTRODUCTION

*This is a complaint for breach of contract, trademark infringement, trade dress infringement, trademark dilution, and unfair competition. Plaintiffs allege that Defendants violated the terms of the Franchise Agreement and used the names, trademarks and service marks of Dunkin' Donuts and Baskin Robbins without their authorization.*

Admit that Plaintiffs' Complaint purports to be a violation of a post-termination agreement and that Plaintiff seeks monetary, injunctive and other relief, but denies the rest and remainder of Plaintiff's Complaint.

## PARTIES

1.      DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1-8", of the complaint and, therefore denies the same.

2.      DAVIS Defendants admits the factual allegations contained in paragraphs "9-13" of the Complaint.

3.      DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "14-18", of the complaint, aDavis , therefore denies the same.

## JURISDICTION AND VENUE

*Jurisdiction over this action is conferred by §§34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) & 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338, & 1367(a).*

4.      Paragraphs "19-20"of the complaint contain legal assertions or conclusions to which no responsive pleading is required.

*Venue is properly vested in this Court pursuant to 28 U.S.C.  §1391(b),*

5.      Paragraph "21"of the complaint contain legal assertions or conclusions to which no responsive pleading is required

## BACKGROUND FACTS

6.      DAVIS Defendants admits the factual allegations contained in paragraph "22" of the Complaint.

7.      DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23 of the complaint.

8.      DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24"of the complaint.

9.      DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25"of the complaint.

10.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26", of the complaint.

11.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27", of the complaint.

12.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28", of the complaint..

13.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29", of the complaint.

14.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30", of the complaint.

15.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31", of the complaint. DAVIS Defendants states that the statue speaks for itself and no further answer to Paragraph 31 is required.

16.      DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32", of the complaint.

17.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33", of the complaint.

18.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34", of the complaint.

19.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36", of the complaint.

**DEFENDANTS' OBLIGATIONS UNDER THER FRANCHISE AGREEMENTS**

20. DAVIS Defendants admits the factual allegations contained in paragraph "36" of the Complaint.

21. DAVIS Defendants denies the allegations contained in paragraph "37" of the Complaint.

22. DAVIS Defendants denies the allegations contained in paragraph "38" of the Complaint.

23. DAVIS Defendants denies the allegations contained in paragraph "39" of the Complaint.

24. DAVIS Defendants denies the allegations contained in paragraph "40" of the Complaint.

25. DAVIS Defendants admits the factual allegations contained in paragraph "41" of the Complaint.

26. DAVIS Defendants admits the factual allegations contained in paragraph "42" of the Complaint.

27. DAVIS Defendants admits the factual allegations contained in paragraph "43" of the Complaint.

28. DAVIS Defendants admits the factual allegations contained in paragraph "44" of the Complaint.

29. DAVIS Defendants denies the allegations contained in paragraph "45" of the Complaint.

30. DAVIS Defendants denies the allegations contained in paragraph "46" of the Complaint.

31. DAVIS Defendants denies the allegations contained in paragraph "47" of the Complaint.

32. DAVIS Defendants denies the allegations contained in paragraph "48" of the Complaint.

**DEFENDANTS' OBLIGATIONS UNDER THER FRANCHISE AGREEMENTS**

20.     DAVIS Defendants admits the factual allegations contained in paragraph "36" of the Complaint.

21.     DAVIS Defendants denies the allegations contained in paragraph "37" of the Complaint.

22.     DAVIS Defendants denies the allegations contained in paragraph "38" of the Complaint.

23.     DAVIS Defendants denies the allegations contained in paragraph "39" of the Complaint.

24.     DAVIS Defendants denies the allegations contained in paragraph "40" of the Complaint.

25.     DAVIS Defendants admits the factual allegations contained in paragraph "41" of the Complaint.

26.     DAVIS Defendants admits the factual allegations contained in paragraph "42" of the Complaint.

27.     DAVIS Defendants admits the factual allegations contained in paragraph "43" of the Complaint.

28.     DAVIS Defendants admits the factual allegations contained in paragraph "44" of the Complaint.

29.     DAVIS Defendants denies the allegations contained in paragraph "45" of the Complaint.

30.     DAVIS Defendants denies the allegations contained in paragraph "46" of the Complaint.

31.     DAVIS Defendants denies the allegations contained in paragraph "47" of the Complaint.

32.     DAVIS Defendants denies the allegations contained in paragraph "48" of the Complaint.

## THE GUARANTEES

33.     DAVIS Defendants admits the factual allegations contained in paragraph "49" of the Complaint.

34.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "50", of the complaint.

## THE PROMISSORY NOTE

35.     DAVIS Defendants admits the factual allegations contained in paragraph "51" of the Complaint.

36.     DAVIS Defendants admits the factual allegations contained in paragraph "52" of the Complaint.

37.     DAVIS Defendants admits the factual allegations contained in paragraph "53" of the Complaint.

## THE STORE DEVELOPMENT AGREEMENT

38.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54", of the complaint.

## THE LEASES

39.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55", of the complaint.

40.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56", of the complaint.

41.     DAVIS Defendants denies the allegations contained in paragraph "57" of the Complaint.

## DEFENDANTS' DEFAULTS

42.     DAVIS Defendants admits the factual allegation contained in the first sentence of Paragraph 58. DAVIS denies the remainder of the allegations contained in paragraph "58" of the Complaint.

43.     DAVIS Defendants admits the factual allegations contained in paragraph "59" of the Complaint.

44.     DAVIS Defendants admits the factual allegations contained in paragraph "60" of the Complaint.

45.     DAVIS Defendants denies the allegations contained in paragraph "61" of the Complaint.

46.     DAVIS Defendants denies the allegations contained in paragraph "62" of the Complaint.

47.     DAVIS Defendants denies the allegations contained in paragraph "63" of the Complaint.

48.     DAVIS Defendants denies the allegations contained in paragraph "64" of the Complaint.

49. DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "65", of the complaint.

50. DAVIS Defendants denies the allegations contained in paragraph "66" of the Complaint.

51. DAVIS Defendants admits the factual allegations contained in paragraph "67" of the Complaint.

52. DAVIS Defendants denies the allegations contained in paragraph "68" of the Complaint.

53. DAVIS Defendants denies the allegations contained in paragraph "69" of the Complaint..

54. DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "70", of the complaint.

55. DAVIS Defendants denies the allegations contained in paragraph "71" of the Complaint.

56. DAVIS Defendants denies the allegations contained in paragraph "72" of the Complaint.

57. DAVIS Defendants denies the allegations contained in paragraph "73" of the Complaint.

58. DAVIS Defendants denies the allegations contained in paragraph "74" of the Complaint.

59. DAVIS Defendants denies the allegations contained in paragraph "75" of the Complaint.

60. DAVIS Defendants denies the allegations contained in paragraph "76" of the Complaint.

61. DAVIS Defendants denies the allegations contained in paragraph "77" of the Complaint.

62. DAVIS Defendants denies the allegations contained in paragraph "78" of the Complaint.

## COUNT 1 (BREACH OF FRANCHISE AGREEMENTS)

63. In answer to paragraph "79" contained in the plaintiffs' complaint, the DAVIS Defendants repeats, reiterates and realleges all admission and denials contained in the foregoing

answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

64.     DAVIS Defendants denies the allegations contained in paragraph "80" of the Complaint.

65.     DAVIS Defendants denies the allegations contained in paragraph "81" of the Complaint.

66.     DAVIS Defendants denies the allegations contained in paragraph "82" of the Complaint.

### COUNT 2 (BREACH OF FRANCHISE AGREEMENTS)

67.     In answer to paragraph "83" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

68.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "84-86", of the complaint.

### COUNT 3 (BREACH OF FRANCHISE AGREEMENTS)

69.     In answer to paragraph "87" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

70.     DAVIS Defendants denies the allegations contained in paragraph "88" of the Complaint.

71.     DAVIS Defendants denies the allegations contained in paragraph "89" of the Complaint.

72.     DAVIS Defendants admits the factual allegations contained in paragraph "90" of the Complaint.

73.     DAVIS Defendants denies the allegations contained in paragraph "91" of the Complaint.

74.     DAVIS Defendants denies the allegations contained in paragraph "92" of the Complaint.

### COUNT 4 (BREACH OF FRANCHISE AGREEMENTS)

75.     In answer to paragraph "93" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

76.     DAVIS Defendants denies the allegations contained in paragraphs "94-98" of the Complaint.

### COUNT 5 (BREACH OF FRANCHISE AGREEMENTS)

77.     In answer to paragraph "99" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

78.     DAVIS Defendants denies the allegations contained in paragraphs "100-101", of the Complaint.

### COUNT 6 (BREACH OF THE NOTE)

79.     In answer to paragraph "102" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

80.     DAVIS Defendants denies the allegations contained in paragraphs "103-104", of the Complaint.

### COUNT 7 (BREACH OF GUARANTEES)

81.     In answer to paragraph "105" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

82.     DAVIS Defendants denies the allegations contained in paragraphs "106-107", of the Complaint.

## COUNT 8 (BREACH OF CROSS GUARANTEES)

83.     In answer to paragraph "108" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

84.     DAVIS Defendants denies the allegations contained in paragraphs "109-110", of the Complaint.

## COUNTS 9-10 (BREACH OF SDA/LEASE)

85.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "111-118", of the complaint.

## COUNT 11 (TRADEMARK INFRINGEMENT)

86.     In answer to paragraph "119" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

87.     DAVIS Defendants denies the allegations contained in paragraphs "120-123", of the Complaint.

## COUNT 12 (TRADEMARK INFRINGEMENT)

88.     DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "124-128", of the complaint.

## COUNT 13 (TRADEMARK DILUTION)

89.     In answer to paragraph "129" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

90.     DAVIS Defendants denies the allegations contained in paragraph "130" of the Complaint. DAVIS Defendants states that the statue speaks for itself and no further answer to the remainder of Paragraph 130 is required.

91.     DAVIS Defendants denies the allegations contained in paragraph "131" of the Complaint.

## COUNT 14 (UNFAIR COMPETITION)

92.     In answer to paragraph "132" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing

answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

93. DAVIS Defendants denies the allegations contained in paragraph "133" of the Complaint. DAVIS Defendants states that the statue speaks for itself and no further answer to the remainder of Paragraph 133 is required.

94. DAVIS Defendants denies the allegations contained in paragraphs "134-135" of the Complaint.

### COUNT 15 (UNFAIR COMPETITION)

95. DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "136-139", of the complaint.

### COUNT 16 (TRADE DRESS INFRINGEMENT)

96. In answer to paragraph "140" contained in the plaintiffs' complaint, the DAVIS defendants repeats, reiterates and realleges all admission and denials contained in the foregoing answer, which are set forth in answer to the allegations of the plaintiffs' complaint, with the same force and effect as if set forth herein at length.

97. DAVIS Defendants admits the factual allegations contained in paragraph "141" of the Complaint.

98. DAVIS Defendants denies the allegations contained in paragraph "142" of the Complaint. DAVIS Defendants states that the statue speaks for itself and no further answer to Paragraph 142 is required.

99. DAVIS Defendants denies the allegations contained in paragraph "143" of the Complaint.

100. DAVIS Defendants denies the allegations contained in paragraph "144" of the Complaint.

## COUNT 17 (TRADE DRESS INFRINGEMENT)

101. DAVIS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "145-149", of the complaint.

## PRAYER FOR RELIEF

*WHEREFORE; Plaintiffs respectfully request that this Court.*

    a.    *Declare that DAVIS Defendants conduct violated the terms of the Franchise Agreements;*

    b.    *Declare that Defendant Bartholomew's conduct violated the terms of the Franchise Agreements, SDA, Lease and constitutes grounds for terminating their Franchise Agreements; SDA and Lease;*

    c.    *Declare the Davis Defendants Franchise Agreements terminated nunc pro tunc;*

    d.    *Declare the Bartholomew Defendants Franchise Agreements terminated nunc pro tunc;*

  e. *Award a judgment to Plaintiffs for damages as a result of breach of FA, SDA and Lease by Bartholomew Defendants;*

  f. *Award a judgment to Plaintiffs for damages as a result of breach of FA, SDA and Lease by Davis Defendants;*

  g. *Award Plaintiffs their costs in this action and attorneys' fees; and*

  h. *Enjoin and enforce the termination of the Franchise Agreement, SDA, and Lease of Bartholomew Defendants;*

  i. *enjoin and enforce the termination of the Franchise Agreements of Davis Defendants;*

  j. *enjoin Defendants from use of Plaintiff's trademarks, trade dress, trade names and from unfair competition against Plaintiffs;*

  k. *Grant an injunctive order directing Defendants to comply with post-termination obligations under any contract with Plaintiffs;*

  l. *Award Plaintiffs' damages against Defendants and reduce any profits derived from their actions §35 of the Lanham Act, 15 U.S.C. § 1117;*

  m. *Award Plaintiffs prejudgment interesting accordance with §35 of the Lanham Act, 15 U.S.C. § 1117;*

  n. *Award Plaintiffs exemplary or punitive damages against Defendants because of their willful, intentional, and malicious conduct;*

  o. *Award Plaintiffs their costs and attorney's fees in accordance with §35 of the Lanham Act, 15 U.S.C. § 1117;*

  p. *Grant such other relief as the Court deems just and proper.*

Answering Paragraphs a, c, f, g, i, j, k, l, m, n, o and p in this section, Davis Defendants denies the Plaintiffs are entitled to any of the relief requested.

Answering Paragraphs b, d, e, and h, Davis Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

## DAVIS DEFENDANTS' AFFIRMATIVE DEFENSES

Davis Defendants alleges the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Davis Defendants does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiffs.

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Davis Defendants' conduct has been fair, reasonable and justified.

3. Davis Defendants did not conspire with Defendant Bartholomew to defraud Plaintiffs of applicable transfer fee nor to circumvent Plaintiffs' requirements regarding qualification for training of franchisees.

4. Davis Defendants did not conspire with Defendant Bartholomew to defraud CIT Group. Equipment Financing Inc

5. Plaintiffs failed to follow termination procedures set forth in the franchise agreements, and therefore the notices are without effect.

6. Plaintiffs' claims are barred by the doctrine of frustration of purpose.

# PRAYER

WHEREFORE, Davis Defendants prays for judgment or relief against the Plaintiffs as follows:

1. That the claim against Davis Defendants is dismissed with prejudice and that the Plaintiffs take nothing;

2. That Davis Defendants be awarded its attorneys' fees, costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief and damages, as this Court deems just and proper.

## **VERIFICATION**

STATE OF NEW YORK

COUNTY OF NEW YORK

<u>NANCY DAVIS</u>, being duly sworn, deposes and says:

I am one of the Defendant, named in the within action. I have read and know the contents of the foregoing Answer and the same is true of my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.


/s/ <u>Nancy Davis</u>
Nancy Davis


Sworn to before me this

24th day of February, 2008


/s/Robert B. Davis
Notary Public State of NewYork
NO. 31-01DA6072695
Qualified in New York County
Commision expires June 12, 2010

## CERTIFICATION OF SERVICE

I hereby certify that I served the foregoing **ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, TRADEMARK DILUTION, AND UNFAIR COMPETITION** on:

Ronald Degen (RD 7808)
Scott Goldfinger (SC 9219)
O'ROURKE & DEGEN, PLLC
225 BROADWAY, SUITE 715
NEW YORK, NY 10007

Robert L. Zisk (RZ 1275)
David E. Worthen (DW 8519)
Iris Figueroa Rosario (IR 7902)
GRAY, PLANT, MOOTY, MOOTY &
BENNETT, P.A.
2600 VIRGINIA AVENUE, N.W. SUITE 1111
WASHINGTON, DC 20037

*Attorneys for Plaintiffs*

By causing a full, true and correct copy thereof to be sent by the following methods on the date set forth below:

by **E-Notification pursuant to L.C.R. 5.2**

Dated:    New York, New York
          February 25, 2008

                                                    s/Robert B. Davis
                                                    ROBERT B. DAVIS, ESQ. (RD 1494)

                                                    450 Seventh Avenue Suite 1304
                                                    NEW YORK, NEW YORK 10123
                                                    (212) 268-7500

                                                    Attorney for Defendants:
                                                    Inner City Dough, Inc. South Bronx Inner City
                                                    Dough Inc., Urban City Dough, Inc. Triple J 3
                                                    Donuts, Inc. and Nancy Davis