UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
DUNKIN' DONUTS FRANCHISED                            :
RESTAURANTS LLC, *et al.*,                           :
                                                     :
                       Plaintiffs,                   :
         v.                                          :    Case No. 08-CV-00217 (RWS)
                                                     :
INNER CITY DOUGH, INC., *et al.*,                    :
                                                     :
                       Defendants.                   :
------------------------------------------------------------x

**PLAINTIFFS' REPLY TO DEFENDANTS DB DONUTS, INC.,
DB DONUTS II, INC., DB DONUTS IV, INC., DB DONUTS VI, INC.,
AND DJENANE BARTHOLOMEW'S COUNTERCLAIMS**

Plaintiffs/counterdefendants Dunkin' Donuts Franchised Restaurants LLC, Dunkin' Donuts Franchising LLC, DD IP Holder LLC, Baskin-Robbins Franchised Shops LLC, Baskin-Robbins Franchising LLC, BR IP Holder LLC, and DB Real Estate Assets I LLC (collectively, "Dunkin'") hereby reply to the allegations contained in Defendants DB Donuts, Inc., DB Donuts II, Inc., DB Donuts IV, Inc., DB Donuts VI, Inc., and Djenane Bartholomew's (collectively, "Defendants'") Counterclaims as follows:

**FIRST COUNTERCLAIM**

1.      Dunkin' admits that DB Donuts, Inc. is a New York corporation and was the owner and operator of a Dunkin' shop located at 132 Nassau Street, New York, New York pursuant to a Franchise Agreement dated May 31, 2007 prior to the termination of the Franchise Agreement. Dunkin' denies the remaining allegations contained in Paragraph 70.

2.      Dunkin' admits that DB Donuts II, Inc. is a New York corporation and was the owner and operator of a Dunkin' shop located at 130 Church Street, New York, New York

pursuant to a Franchise Agreement dated May 31, 2007 prior to the termination of the Franchise Agreement. Dunkin' denies the remaining allegations contained in Paragraph 71.

3. Dunkin' admits that DB Donuts IV, Inc. is a New York corporation and was the owner and operator of a Dunkin' shop located at 973 8th Avenue, New York, New York pursuant to a Franchise Agreement dated October 23, 2007 prior to the termination of the Franchise Agreement. Dunkin' denies the remaining allegations contained in Paragraph 72.

4. Dunkin' admits that DB Donuts VI, Inc. is a New York corporation and was the owner and operator of a Dunkin' shop located at 360 West 31st Street, New York, New York pursuant to a Franchise Agreement dated November 9, 2007 prior to the termination of the Franchise Agreement. Dunkin' denies the remaining allegations contained in Paragraph 73.

5. Dunkin' admits the allegations contained in Paragraph 74, except that no corporate entities are identified in paragraphs 66-69 of Defendants' Counterclaim but rather are identified in paragraphs 70-73 of Defendants' Counterclaim.

6. Dunkin' denies the allegations contained in Paragraph 75.

7. Dunkin' is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 76.

8. Dunkin' denies the allegations contained in Paragraph 77.

9. Dunkin' denies the allegations contained in Paragraph 78.

10. Dunkin' denies the allegations contained in Paragraph 79.

11. Dunkin' denies the allegations contained in Paragraph 80.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

**SECOND COUNTERCLAIM**

12.     Dunkin' repeats each and every answer to Paragraphs 1 through 11 of its Reply to Defendants' Counterclaims as if fully set forth herein.

13.     The First Amended Complaint referenced in Paragraph 82 of the Counterclaims speaks for itself.

14.     Dunkin' admits that CIT loans funds to many Dunkin' franchisees. Dunkin' denies the remaining allegations contained in Paragraph 83.

15.     Dunkin's UFOC speaks for itself. Dunkin' admits that CIT loans funds to many Dunkin' franchisees. Dunkin' denies the remaining allegations contained in Paragraph 84.

16.     Dunkin' denies the allegations contained in Paragraph 85.

17.     Dunkin' denies the allegations contained in Paragraph 86.

18.     Dunkin' denies the allegations contained in Paragraph 87.

19.     Dunkin' is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 88.

20.     Dunkin' admits that DB Donuts, Inc. became the franchisee for the Dunkin' shop located at 132 Nassau Street, New York, New York, pursuant to a Franchise Agreement with Dunkin' dated May 31, 2007. Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 89.

21.     Dunkin' admits that DB Donuts II, Inc. became the franchisee for the Dunkin' shop located at 130 Church Street, New York, New York, pursuant to a Franchise Agreement with Dunkin' dated May 31, 2007. Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 90.

22.     Dunkin' admits that DB Donuts IV, Inc. became the franchisee for the Dunkin' shop located at 973 8th Avenue, New York, New York, pursuant to a Franchise Agreement with Dunkin' dated October 23, 2007.  Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 91.

23.     Dunkin' admits that DB Donuts VI, Inc. became the franchisee for the Dunkin' shop located at 360 West 31st Street, New York, New York, pursuant to a Franchise Agreement with Dunkin' dated November 9, 2007.  Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 92.

24.     Dunkin' admits that Bartholomew Foods IV Corp. refinanced an existing loan with CIT in or about April 2007.  Dunkin' denies the remaining allegations contained in Paragraph 93.

25.     Dunkin' denies the allegations contained in Paragraph 94.

26.     Dunkin' admits that it cancelled the closing for the transfer of the 30 Rockefeller Plaza franchise in January 2008 based on learning of Defendants' fraudulent conduct.  Dunkin' denies the remaining allegations contained in Paragraph 95.

27.     Dunkin' denies the allegations contained in Paragraph 96.

28.     The loan documents between CIT and Defendants referenced in Paragraph 97 of the Counterclaims speak for themselves.

29.     Defendants' Franchise Agreements referenced in Paragraph 98 of the Counterclaims speak for themselves.

30.     Dunkin' denies the allegations contained in Paragraph 99.

31.     Dunkin' denies the allegations contained in Paragraph 100.

32.     Dunkin' denies the allegations contained in Paragraph 101.

33. Dunkin' denies the allegations contained in Paragraph 102.

34. Dunkin' denies the allegations contained in Paragraph 103.

35. Dunkin' denies the allegations contained in Paragraph 104.

36. Dunkin' denies the allegations contained in Paragraph 105.

37. Dunkin' denies the allegations contained in Paragraph 106.

38. Dunkin' denies the allegations contained in Paragraph 107.

39. Dunkin' denies the allegations contained in Paragraph 108.

40. Defendants' Franchise Agreements, UFOC, and all other documents provided to Defendants by Dunkin' speak for themselves. Dunkin' denies the remaining allegations contained in Paragraph 109.

41. Dunkin' denies the allegations contained in Paragraph 110.

42. Dunkin' denies the allegations contained in Paragraph 111.

43. Dunkin' denies the allegations contained in Paragraph 112.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

## THIRD COUNTERCLAIM

44. Dunkin' repeats each and every answer to Paragraphs 1 through 43 of its Reply to Defendants' Counterclaims as if fully set forth herein.

45. Paragraph 114 states a legal conclusion to which no response is required. To the extent a response is required, Dunkin' denies the allegations contained in Paragraph 114.

46. Dunkin' denies the allegations contained in Paragraph 115.

47. Dunkin' denies the allegations contained in Paragraph 116.

48. Dunkin' is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 117.

49. Dunkin' denies the allegations contained in Paragraph 118.

50. Dunkin' denies the allegations contained in Paragraph 119.

51. Dunkin' denies the allegations contained in Paragraph 120.

52. Dunkin' denies the allegations contained in Paragraph 121.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

## FOURTH COUNTERCLAIM

53. Dunkin' repeats each and every answer to Paragraphs 1 through 52 of its Reply to Defendants' Counterclaims as if fully set forth herein.

54. Dunkin' denies the allegations contained in Paragraph 123.

55. Dunkin' denies the allegations contained in Paragraph 124.

56. Dunkin' denies the allegations contained in Paragraph 125.

57. Dunkin' denies the allegations contained in Paragraph 126.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

## FIFTH COUNTERCLAIM

58. Dunkin' repeats each and every answer to Paragraphs 1 through 57 of its Reply to Defendants' Counterclaims as if fully set forth herein.

59. Dunkin' denies the allegations contained in Paragraph 128.

60. Dunkin' is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 129.

61. Dunkin' denies the allegations contained in Paragraph 130.

62. Dunkin' denies the allegations contained in Paragraph 131.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

### SIXTH COUNTERCLAIM

63. Dunkin' repeats each and every answer to Paragraphs 1 through 62 of its Reply to Defendants' Counterclaims as if fully set forth herein.

64. The Franchise Agreements referenced in Paragraph 133 of the Counterclaims speak for themselves.

65. Dunkin' denies the allegations contained in Paragraph 134.

66. Dunkin' denies the allegations contained in Paragraph 135.

67. Dunkin' denies the allegations contained in Paragraph 136.

68. Dunkin' denies the allegations contained in Paragraph 137.

69. Dunkin' denies the allegations contained in Paragraph 138.

### SEVENTH COUNTERCLAIM

70. Dunkin' repeats each and every answer to Paragraphs 1 through 69 of its Reply to Defendants' Counterclaims as if fully set forth herein.

71. Dunkin' denies the allegations contained in Paragraph 140.

72. Dunkin' denies the allegations contained in Paragraph 141.

73. Dunkin' denies the allegations contained in Paragraph 142.

74. Dunkin' denies the allegations contained in Paragraph 143.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

## EIGHTH COUNTERCLAIM

75. Dunkin' repeats each and every answer to Paragraphs 1 through 74 of its Reply to Defendants' Counterclaims as if fully set forth herein.

76. The First Amended Complaint referenced in Paragraph 145 of the Counterclaims speaks for itself.

77. Dunkin' admits that CIT loans funds to many Dunkin' franchisees. Dunkin' denies the remaining allegations contained in Paragraph 146.

78. Dunkin's UFOC speaks for itself. Dunkin' admits that CIT loans funds to many Dunkin' franchisees. Dunkin' denies the remaining allegations contained in Paragraph 147.

79. Dunkin' denies the allegations contained in Paragraph 148.

80. Dunkin' denies the allegations contained in Paragraph 149.

81. Dunkin' denies the allegations contained in Paragraph 150.

82. Dunkin' is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 151.

83. Dunkin' admits that DB Donuts, Inc. became the franchisee for the Dunkin' shop located at 132 Nassau Street, New York, New York, pursuant to a Franchise Agreement with Dunkin' dated May 31, 2007. Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 152.

84. Dunkin' admits that DB Donuts II, Inc. became the franchisee for the Dunkin' shop located at 130 Church Street, New York, New York, pursuant to a Franchise Agreement

with Dunkin' dated May 31, 2007. Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 153.

85.     Dunkin' admits that DB Donuts IV, Inc. became the franchisee for the Dunkin' shop located at 973 8th Avenue, New York, New York, pursuant to a Franchise Agreement with Dunkin' dated October 23, 2007. Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 154.

86.     Dunkin' admits that DB Donuts VI, Inc. became the franchisee for the Dunkin' shop located at 360 West 31st Street, New York, New York, pursuant to a Franchise Agreement with Dunkin' dated November 9, 2007. Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 155.

87.     Dunkin' admits that Bartholomew Foods IV Corp. refinanced an existing loan with CIT in or about April 2007. Dunkin' denies the remaining allegations contained in Paragraph 156.

88.     Dunkin' denies the allegations contained in Paragraph 157.

89.     Dunkin' admits that it cancelled the closing for the transfer of the 30 Rockefeller Plaza franchise in January 2008 based on learning of Defendants' fraudulent conduct. Dunkin' denies the remaining allegations contained in Paragraph 158.

90.     Dunkin' denies the allegations contained in Paragraph 159.

91.     The loan documents between CIT and Defendants referenced in Paragraph 160 of the Counterclaims speak for themselves.

92.     Defendants' Franchise Agreements referenced in Paragraph 161 of the Counterclaims speak for themselves.

93.     Dunkin' denies the allegations contained in Paragraph 162.

94. Dunkin' denies the allegations contained in Paragraph 163.

95. Dunkin' denies the allegations contained in Paragraph 164.

96. Dunkin' denies the allegations contained in Paragraph 165.

97. Dunkin' denies the allegations contained in Paragraph 166.

98. Dunkin' denies the allegations contained in Paragraph 167.

99. Dunkin' denies the allegations contained in Paragraph 168.

100. Dunkin' denies the allegations contained in Paragraph 169.

101. Dunkin' denies the allegations contained in Paragraph 170.

102. Dunkin' denies the allegations contained in Paragraph 171.

103. Dunkin' denies the allegations contained in Paragraph 172.

104. Defendants' Franchise Agreements, UFOC, and all other documents provided to Defendants by Dunkin' speak for themselves. Dunkin' denies the remaining allegations contained in Paragraph 173.

105. Dunkin' denies the allegations contained in Paragraph 174.

106. Dunkin' denies the allegations contained in Paragraph 175.

107. Dunkin' denies the allegations contained in Paragraph 176.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

### **NINTH COUNTERCLAIM**

108. Dunkin' repeats each and every answer to Paragraphs 1 through 107 of its Reply to Defendants' Counterclaims as if fully set forth herein.

109. Dunkin' denies the allegations contained in Paragraph 178.

110. Dunkin' denies the allegations contained in Paragraph 179.

111. Dunkin' denies the allegations contained in Paragraph 180.

112. Dunkin' denies the allegations contained in Paragraph 181.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

## TENTH COUNTERCLAIM

113. Dunkin' repeats each and every answer to Paragraphs 1 through 112 of its Reply to Defendants' Counterclaims as if fully set forth herein.

114. Dunkin' admits that Djenane Bartholomew is a female. Dunkin' is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 183.

115. Dunkin' denies the allegations contained in Paragraph 184.

116. Dunkin' denies the allegations contained in Paragraph 185.

117. Dunkin' denies the allegations contained in Paragraph 186.

118. Dunkin' denies the allegations contained in Paragraph 187.

119. Dunkin' denies the allegations contained in Paragraph 188.

120. Dunkin' denies the allegations contained in Paragraph 189.

121. Dunkin' denies the allegations contained in Paragraph 190.

122. Paragraph 191 states a legal conclusion to which no response is required. To the extent a response is required, Dunkin' denies the allegations contained in Paragraph 191.

123. Dunkin' denies the allegations contained in Paragraph 192.

124. Dunkin' denies the allegations contained in Paragraph 193.

125. Dunkin' denies the allegations contained in Paragraph 194.

126. Dunkin' denies the allegations contained in Paragraph 195.

127. Paragraph 196 states a legal conclusion to which no response is required. To the extent a response is required, Dunkin' denies the allegations contained in Paragraph 196.

128. Dunkin' denies the allegations contained in Paragraph 197.

129. Dunkin' denies the allegations contained in Paragraph 198.

Dunkin' denies that Defendants are entitled to judgment against it for any alleged damages suffered by Defendants.

## AFFIRMATIVE DEFENSES

1. Dunkin' pleads that Defendants have failed to state a claim upon which relief may be granted.

2. Dunkin' pleads that Defendants are barred from recovery by their failure to perform their contractual obligations and their failure to comply with the requirements imposed by their Franchise Agreements.

3. Dunkin' pleads that Defendants are barred from recovery because they are unable to prove that Dunkin' caused them any damage or that they suffered any damages.

4. Dunkin' pleads that if Defendants suffered any damages, such damages were caused by the acts or omissions of Defendants or other persons for whose acts or omissions Dunkin' is not liable.

5. Without conceding that Defendants have suffered any damages, Dunkin' pleads that Defendants are barred from recovery, in whole or in part, for failing to mitigate their alleged damages.

6. Dunkin' pleads that Defendants are not entitled to injunctive relief because of their unclean hands.

7. Dunkin' pleads that Defendants' claims are barred, in whole or in part, by the applicable statutes of limitation.

8. Dunkin' denies that Defendants are entitled to recover costs and attorneys' fees under any theory of law.

9. Dunkin' pleads that that Defendants' claims fail, in whole or in part, because, even in the absence of any alleged impermissible motivating factor (of which there was none), Dunkin' would have taken the same actions regarding Defendants.

10. Dunkin' pleads that Defendants' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel and/or waiver.

11. Dunkin' pleads that Defendants are barred from recovery because Dunkin' has complied with all of its legal obligations (if any) to Defendants.

12. Dunkin' pleads that Defendants have waived any right to a jury trial.

13. Dunkin' reserves the right to add defenses as information is learned through discovery.

WHEREFORE, Dunkin' prays that this Court dismiss Defendants' Counterclaim with prejudice, award Dunkin' judgment against Defendants for its costs and attorneys' fees incurred in connection with the Counterclaims, and award Dunkin' such other relief as this Court may deem just and proper.

>Respectfully submitted,
>
>/s/ Ronald D. Degen
>Ronald Degen (RD 7808)
>Scott Goldfinger (SC 9219)
>O'ROURKE & DEGEN, PLLC
>225 Broadway, Suite 715
>New York, NY 10007
>Telephone:    (212) 227-4530
>Facsimile:    (212) 385-9813
>
>Robert L. Zisk (RZ 1275)
>David E. Worthen (DW 8519)
>Iris Figueroa Rosario (IR 7902)
>GRAY, PLANT, MOOTY, MOOTY
>  & BENNETT, P.A.
>2600 Virginia Avenue, N.W., Suite 1111
>Washington, DC 20037
>Telephone:    (202) 295-2200
>Facsimile:    (202) 295-2250

Dated: March 17, 2008                *Attorneys for Plaintiffs*