**KUSHNICK & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
445 BROAD HOLLOW ROAD • SUITE 124
MELVILLE, NEW YORK 11747
TEL: (631) 752-7100
FAX: (631) 777-7732

<u>LAWRENCE A. KUSHNICK</u>
CRAIG H. HANDLER
VINCENT T. PALLACI
LIDIA D. SZCZEPANOWSKI

<u>LEGAL ASSISTANT</u>
MARY E. McNULTY

April 10, 2008

<u>Via ECF and Facsimile</u>
Hon. Robert W. Sweet
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **Dunkin' Donuts et al v. Inner City Dough et al.**
                **Case No. 08-CV-00217 (RWS)**

Dear Judge Sweet:

      We represent defendants Djenane Bartholomew, DB Donuts, Inc., DB Donuts II, Inc., DB Donuts IV, Inc. and DB Donuts VI, Inc. (hereafter "defendants") in connection with the above referenced matter. Pursuant to Section 1(E) of Your Honor's individual rules, we write to request an extension of time to respond to plaintiffs' motion for a preliminary injunction and to request a reasonable adjournment of the related evidentiary hearing scheduled for April 23, 2008. We also write to request leave of court to conduct more than 10 depositions.

      On March 26, 2008, the parties to this action appeared for a pre-trial conference before Your Honor. During the course of the conference, the plaintiffs' attorney, Mr. David E. Worthen, advised the court and the defendants, for the first time, that the plaintiffs' would be filing a motion for a preliminary injunction to, in effect, shut down each of the defendants' franchises during the pendency of this litigation. Based on that representation, Your Honor ordered expedited discovery so that the defendants could obtain the necessary evidence to properly oppose the motion. The plaintiffs subsequently filed their motion for a preliminary injunction on April 1, 2008 and on or about April 3, 2008, Your Honor directed the defendants to oppose the motion in accordance with Local Rule 6.1.

      Upon receiving the plaintiffs' motion on April 1, 2008, we immediately began trying to gather the necessary documents and locate the witnesses necessary to oppose the motion.

Although we have been diligently attempting to complete the necessary discovery, due to the tremendous amount of documents involved and the number of witnesses to be deposed, we will not be able to properly oppose the motion by April 11, 2008 as would be required under Local Rule 6.1.

To date, we have the following depositions scheduled and confirmed:

1) Adolophe Lopze (plaintiffs' employee) - April 10, 2008 in NYC;
2) Mark Merriman (plaintiffs' employee) - April 10, 2008 in NYC;
3) Ray Dooley (non-party witness) - April 11, 2008 in Long Island;
4) Richard K. Talmon (non-party witness) - April 15, 2008 in Arizona;
5) Kevin Godfrey (non-party witness) - April 15, 2008 in Arizona; and
6) Craig McKenzie (plaintiffs' employee) - April 18, 2008 in Boston

In addition to those already scheduled, we have the following depositions pending:

1) Jack Laudermilk (plaintiffs' employee) in Boston;
2) Karen Bailey (non-party witness) in New Jersey;
3) Angela Torres (non-party witness) in New Jersey;
4) Shayanette Schriver (non-party witness) in Arizona; and
5) Kit Poon (non-party witness) in New Jersey.

Notably, the plaintiffs' have submitted affidavits from five of these witnesses in support of their motion for a preliminary injunction so their relevance to the motion is unquestionable. As the Court can see from this schedule, we have virtually scheduled a deposition for every business day up to the week of the April 23, 2008 evidentiary hearing. Moreover, given that these witnesses are spread over four states, the travel time between depositions further reduces our available time to oppose the plaintiffs' motion. In addition, as a practical matter, it will take the court reporters for each deposition time to prepare the transcripts and provide them to us for analysis and use in the motion opposition. It is highly unlikely that we would receive all of the transcripts prior to the April 23, 2008 hearing - let alone get them signed by the witnesses and obtain the executed transcripts in time to use them in our opposition to the plaintiffs' motion.

Aside from depositions, we also note that we have yet to receive plaintiffs' Rule 26 disclosures or responses to our interrogatory demands and document demands served on the plaintiffs on or about April 1, 2008. As Your Honor is aware, the defendants interactions with CIT Group, Inc. and its affiliates are directly related to plaintiffs' claims. Therefore, we have issued a subpoena to CIT Group but have yet to receive responsive documents.

Given the tremendous amount of discovery that is needed to properly oppose the motion for a temporary injunction, and given that the parties have been working diligently to expedite discovery as much as possible in such a short time, an extension of time to oppose the motion is warranted.

Pursuant to Your Honor's individual rules, we did request consent to the extension from

the plaintiffs', however, they have denied that request. The plaintiffs cited three reasons for their refusal to consent to an extension: 1) defendants' consented to the April 23, 2008 hearing date during the March 26, 2008 pre-trial conference; 2) there is an urgency for the court to hear this matter; and 3) an extension of time to oppose the motion would significantly impede plaintiffs' right to reply to the opposition. Each of these reasons is without merit.

First, at the time of the March 26, 2008 conference at which the April 23, 2008 hearing was scheduled, the motion had not yet been filed so the defendants had yet to see the documents and affidavits that the plaintiffs' intended to use in support of their motion, indeed we had not yet seen the arguments that they made in support of the motion so we had no way of knowing how much discovery would be needed. When we did receive the motion, it was hundreds of pages of documents and affidavits from eight people. Had the defendants known at the March 26, 2008 conference that the motion would require so much investigation by the defendants, the defendants would have requested a later hearing date.

Second, the plaintiffs' claim that this matter is now urgent yet they filed the complaint three months ago and have only now moved for a preliminary injunction. Under well settled law, such a delay, while not grounds for denial of ultimate relief, may, standing alone, be grounds to deny a preliminary injunction. <u>Gidatex, S.r.L.v. v. Campaniello Imports, Ltd</u>, 13 F.Supp.2d 417 (S.D.N.Y. 1998). Given the 3 month delay, a short extension of time to file opposition cannot, under any scenario, serve to irreparably harm the plaintiffs. Indeed it is our understanding that each of the defendants stores remains operational and profitable for plaintiffs.

Third, the plaintiffs' concerns regarding time to reply to our opposition can be easily remedied. The defendants certainly do not object to a short adjournment of the hearing date to allow the plaintiffs' time to file their reply.

Accordingly, the defendants request that: 1) their time to file and serve opposition to the plaintiffs' motion for a preliminary injunction be extended until April 30, 2008 to allow depositions to be completed and transcripts to be obtained; and 2) the evidentiary hearing scheduled for April 23, 2008 be adjourned to May 7, 2008 to allow plaintiffs time to file their reply.

With regards to defendants application for leave of court to conduct more than 10 depositions, as has already been more fully set forth herein, the defendants already anticipate needing to conduct 11 depositions. In addition, we are currently investigating two additional party and non-party witnesses that may need to be deposed. The currently scheduled depositions may also reveal the existence of additional witnesses to depose. Accordingly, we respectfully request that the defendants be granted leave of court to conduct 15 depositions. In the alternative, we request that defendants be granted leave of court to conduct 11 depositions without prejudice to apply to the court for further leave to conduct additional depositions should they be become necessary.

Respectfully submitted,

Vincent T. Pallaci (VP 0801)

CC: All counsel (Via ECF)