UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DUNKIN' DONUTS FRANCHISED RESTAURANTS
LLC, a Delaware Limited Liability Company,
DUNKIN' DONUTS FRANCHISING LLC,
a Delaware Limited Liability Company,
DD IP Holder LLC,
a Delaware Limited Liability Company,
BASKIN-ROBBINS FRANCHISED SHOPS LLC,     Case No. 08-CV-00217 (RWS)
a Delaware Limited Liability Company,
BASKIN-ROBBINS FRANCHISING LLC,
a Delaware Limited Liability Company,
BR IP Holder LLC,
a Delaware Limited Liability Company, and
DB REAL ESTATES ASSETS I LLC,
a Delaware Limited Liability Company,

                            Plaintiffs,

    v.                                                                                                   **AFFIRMATION OF LAWRENCE**
                                                                                       **A. KUSHNICK IN OPPOSITION**
INNER CITY DOUGH, INC.,                                                        **TO THE PLAINTIFFS' MOTION**
a New York Corporation,                                                         **FOR A PRELIMINARY**
SOUTH BRONX INNER CITY DOUGH INC.,                              **INJUNCTION**
a New York corporation,
TRIPLE J 3 DONUTS, INC.,
a New York corporation,
URBAN CITY DOUGH, INC.,
a New York corporation,
NANCY DAVIS,
a resident of New Jersey,
DB DONUTS, INC.,
a New York corporation,
DB DONUTS II, INC.,
a New York corporation,
DB DONUTS IV, INC.,
a New York corporation,
DB DONUTS VI, INC.,
a New York corporation, and
DJENANE BARTHOLOMEW,
a resident of New Jersey.

                            Defendants.
------------------------------------------------------------------------x

       Lawrence A. Kushnick, an attorney duly admitted to practice law before this Court, does

hereby certify the truth of the following statements, to the best of his knowledge, under the penalty

of perjury:

1.  I am a member of Kushnick & Associates, P.C., the attorney of record for defendants Djenane Bartholomew, DB Donuts, Inc., DB Donuts II, Inc., DB Donuts IV, Inc., and DB Donuts, VI, Inc. (hereafter the "Bartholomew Entities"), and, as such, I am fully familiar with the facts set forth herein.

2.  I make this affirmation in opposition to the motion filed by the plaintiffs' for a preliminary injunction shutting down each of the four Dunkin' Donuts franchises owned and operated by the Bartholomew Entities.

3.  The Bartholomew Entities have submitted herewith a Memorandum of Law in Opposition to the Plaintiffs' motion which more fully sets forth the legal arguments in opposition to the plaintiffs' motion.

4.  I submit this affirmation to outline the numerous items of discovery that remain outstanding and necessary for the Bartholomew Entities to defend themselves in this action and prevail on their counterclaims.

5.  Although the parties have been working together amicably to expedite discovery, due to the short time frame available between the pre-trial conference whereat Judge Robert Sweet ordered expedited discovery and the April 23, 2008 evidentiary hearing on the plaintiffs' motion, we have yet to complete the tremendous amount of discovery that is needed in this action.

6.  To date, we have deposed plaintiffs employees Adolophe Lopez and Mark Merriman. We have also deposed non-party witness Ray Dooley.

7.  Additionally, we are currently scheduled to depose non-party witnesses Richard Talmon and Kevin Godfrey, both of whom submitted affidavits in support of plaintiffs' motion, in

Arizona on April 15, 2008.

8. We are also currently scheduled to depose plaintiffs' employee, Craig McKenzie, in Boston on April 18, 2008.

9. In addition to those already scheduled, we are in the process of scheduling depositions for plaintiffs' associate general counsel, Jack Laudermilk, non-party witnesses Kit Poon, Angela Torres and Karen Bailey. Notably, Mr. Laudermilk and Ms. Bailey have submitted affidavits in support of plaintiffs' motion.

10. We are currently also awaiting receipt of responses to our outstanding interrogatory demands and document demands and have yet to receive the plaintiffs' Rule 26 disclosures.

11. Moreover, we are also currently awaiting the receipt of documents responsive to a subpoena that was served on CIT Group, Inc. and its affiliated entities. We expect to receive those documents some time during the week of April 14th.

12. Given that the parties have been working diligently to complete discovery but have been unable to do so, the Bartholomew Entities did request an extension of time from the court within which they could file their response to the plaintiffs' motion. That request was denied.

13. Accordingly, it is respectfully requested that the Bartholomew Entities be permitted to submit additional evidence in the form of deposition transcripts, affidavits and documents up to and including the time of the April 23, 2008 evidentiary hearing as such items are discovered and obtained.

Dated: Melville, New York
      April 11, 2008

/s/ Lawrence A. Kushnick
Lawrence A. Kushnick, Esq. (LAK 2146)